United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51108
Summary Calendar

_____

DAVID ISCHY,

                              Plaintiff-Appellant,

versus

R. D. MILES, Warden,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-103-JN
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

    David Ischy, federal prisoner # 49020-079, appeals the
district court's grant of summary judgment for the defendants in
his suit filed under Bivens v. Six Unknown Named Agents of Federal
Bureau of Narcotics, 403 U.S. 388 (1971).  Ischy sued the warden of
the federal prison where he was incarcerated in his official
capacity and sought only injunctive relief.  The district court
determined that it lacked jurisdiction.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although Ischy suggests that the district court had jurisdiction pursuant to 28 U.S.C. § 1331, he does not identify a federal question. Official capacity suits against federal employees are generally treated as suits against the United States. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). However, suits against the United States brought under the civil rights statutes are barred by sovereign immunity. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). Bivens actions may be brought against defendants acting in their individual capacities only. See id. To the extent Ischy has sued Miles in his official capacity, his claim is barred as a matter of law. The district court did not abuse its discretion when it denied Ishcy's motion to amend his complaint. Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995).

**AFFIRMED.**